# Exhibit A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GE CAPITAL, a corporation, and DOES 1-50 inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARTY FREYWALD, an individual.

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

VENTURA
SUPERIOR COURT
**FILED**

MAR 2 6 2014

MICHAEL D. PLANET
Executive Officer and Clerk
BY: _____, Deputy
**Ina Muckey**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California
County of Ventura
800 S. Victoria Avenue, Ventura, CA 93009

56-2014-00450943-CU-PO-VTA

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Andre Verdun (SBN 265436), 401 W. "A" Street, Suite 925, San Diego, CA 92101; (619) 238-5700

DATE: MAR 2 6 2014    Clerk, by MICHAEL PLANET   , Deputy
*(Fecha)*    *(Secretario)* **Ina Muckey**  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*
   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Andre L. Verdun (SBN 265436)
William Jarrell (SBN 290271)
Attorney at Law
**CROWLEY LAW GROUP**
401 West "A" Street, Ste. 925
San Diego, CA 92101
Tel. (619) 238-5700
Fax. (866) 786-6993
AndreVerdun@CrowleyLawGroup.com
WillJarrell@CrowleyLawGroup.com

Attorneys for Plaintiff
Marty FREYWALD

VENTURA
SUPERIOR COURT
FILED
MAR 26 2014
MICHAEL D. PLANET
Executive Officer and Clerk
BY:_____, Deputy
**Ina Muckey**

## IN THE SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF VENTURA, MAIN BRANCH

| | |
|---|---|
| MARTY FREYWALD, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GE CAPITAL, and DOES 1-50, inclusive,<br><br>Defendant. | 56-2014-00450943-CU-PO-VTA<br>Case #:<br><br>(Unlimited Civil Case)<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR A JURY TRIAL** |

## INTRODUCTION

1. GE CAPITAL ("Defendant") illegally and knowingly called MARTY FREYWALD ("Plaintiff"), a consumer, on numerous occasions attempting to collect a debt which Mr. FREYWALD informed GE CAPITAL he could not pay and requested that BILL ME LATER cease calling.

2. All incoming telephone calls from GE CAPITAL to Mr. FREYWALD after Mr. FREYWALD told GE CAPITAL he could not pay and to cease calling constitute

violations of the California Rosenthal Act and the federal Fair Debt Collections Practices Act (incorporated into the Rosenthal Act under 1788.17).

3. GE CAPITAL is the financial services unit of the American conglomerate General Electric and it provides commercial lending and leasing. GE CAPITAL focuses primarily on loans and leases that it underwrites to hold its own balance sheet.

4. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices in the collection of consumer debts.[1]

## PARTIES

5. Plaintiff, MARTY FREYWALD ("Plaintiff") is, and at all times herein mentioned was, a natural person who resides in the City of Ventura, County of Ventura, State of California. He is a "person" as defined by and protected under California Civil Code 1788.2(g).

6. GE CAPITAL ("Defendant") is, and at all times herein mentioned was, on information and belief, a corporation which lawfully conducts business in the State of California. Defendant is a debt collector as defined by California Civil Code 1788.2(c).

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1-50 inclusive, are unknown to plaintiff who, therefore, sues said defendants by such fictitious names. Plaintiff will amend this complaint to show their true names and capacities when ascertained. Plaintiff is informed and

---

[1] Cal. Civ. Code 1788.1 (a)-(b)

believes, and thereon alleges, that each of said defendants is responsible in some manner for the events and happenings, and proximately caused the injuries and damages, hereinafter alleged.

## JURISDICTION

8. The Superior Court of the State of California has jurisdiction over this action pursuant to California Constitution Article VI, Section 10, which grants the Superior Court "original jurisdiction in all cases except those given by statute to other trial courts."

9. This Court has jurisdiction over this action pursuant to Code of Civil Procedure § 410.10.

10. Pursuant to California Code of Civil Procedure, § 410.10 this Court has jurisdiction over Defendant because Defendant is a person/entity having sufficient minimum contacts with the state of California so as to render the exercise of jurisdiction over the defendant by the California courts consistent with traditional notions of fair play and substantial justice.

## VENUE

11. Venue is proper in the Ventura County Superior Court pursuant to California Code of Civil Procedure § 395.5 because one or more of the violations in the Complaint, as herein alleged against the Defendant, emanated from Ventura County, California.

## FACTUAL ALLEGATIONS

12. Plaintiff is alleged to formally owe a debt to Defendant.

13. On or about March 17, 2013, Defendant called Plaintiff's home telephone in an attempt to collect the alleged debt formally owed by Plaintiff, and Plaintiff answered the phone.

14. During the call from Defendant to Plaintiff on or about March 17, 2013, Plaintiff told Defendant's representative twice that Plaintiff could not pay the debt and to stop calling.

15. On or about March 25, 2013, Defendant called Plaintiff's home telephone to collect the alleged debt.

16. On or about April 13, 2013, Defendant called Plaintiff's home telephone to collect the alleged debt.

17. Plaintiff alleges on information and belief that Defendant made perhaps as many as 100 phone calls to Plaintiff after the time he demanded Defendant to stop calling. Many of those telephone calls were placed to his cellular phone using an automated dialing system.

## FIRST CAUSE OF ACTION

*(California Civil Code 1788)*

1. Plaintiff reaffirms and realleges paragraphs above herein as if specifically set forth more fully herein below.

2. Defendant is included in the class of entities whose debt collection activities are regulated under California Civil Code section 1788 et seq, as defined by California Civil Code § 1788.2(c).

3. Plaintiff is a "person" as defined by California Civil Code § 1788.2(g).

4. Plaintiff is a "debtor" as defined by California Civil Code § 1788.2(h).

5. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer transaction. As such, this action arises out of a "consumer debt" as those terms are defined by California Civil Code § 1788.2(f).

6. Defendants acts and omissions violated California Civil Code § 1788 et seq, the Rosenthal Fair Debt Collection Practices Act, including, but not limited to the below activity:

    a. Defendants violated 1788.11(d) by calling Plaintiff repeatedly and continuously.

    b. Defendants violated 1788.11(e) by communicating by telephone with Plaintiff in such frequency as to be unreasonable and to constitute harassment to the Plaintiff under the circumstances.

    c. Defendants violated § 1788.17 by engaging in conduct the natural consequence which is to abuse or harass (including causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number); using unfair or unconscionable practices in an attempt to collect a debt.

7. Plaintiff is entitled to statutory damages, actual damages and attorney fees and cost of suit.

8. Plaintiff suffered actual damages and emotional distress as describe above.

## SECOND CAUSE OF ACTION

(Intrusion on Seclusion)

9. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

10. The foregoing acts of Defendant as described herein constitute an invasion of the Plaintiff's privacy and an intrusion upon right of seclusion.

11. Plaintiff has a common law right to, and a reasonable expectation of, privacy in his home and place of employment, and in regard to his private affairs.

12. Defendant's abusive and improper collection practices in the collection of this debt constituted a substantial invasion upon Plaintiff's seclusion and privacy, and would be highly offensive to a reasonable person.

13. Defendant intended to cause emotional distress, and/or engaged in reckless disregard of the probability of causing Plaintiff's emotional distress.

14. As a proximate result of Defendant's conduct, Plaintiff has suffered damages in an amount to be determined by proof and a finder of fact at trial.

15. Defendant acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

### THIRD CAUSE OF ACTION

(Negligence)

16. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

17. Defendant's outrageous, abusive and intrusive acts as described herein constituted negligent infliction of emotional distress.

18. Plaintiff suffered (1) serious emotional distress, (2) actually and proximately caused by (3) wrongful conduct (4) by a defendant who should have foreseen that the conduct would cause such distress.

19. Defendant's conduct as described herein was wrongful conduct in that the Defendant conducted its business in an abusive, oppressive, and harassing manner.

20. Defendant's actions and omissions as described herein constitute negligence in that Defendants owed Plaintiff a duty of reasonable care in the collection of the alleged debt, the use of the telephone in an attempt to collect such debts, said duties were breached, and said breach was the proximate and actual cause of damages suffered by Plaintiff.

21. Defendant owed a duty to refrain from outrageous and unlawful telephone calls in connection with their attempts to collect a debt.

22. Defendant's actions and omissions demonstrate a conscious disregard of the rights and safety of others, and constitute despicable conduct that subject Plaintiff to cruel and unjust hardship in conscious disregard of his rights.

23. Plaintiff suffered damages due to Defendant's actions in an amount to be determined at trial.

24. Plaintiff is entitled to punitive damages for the actions and omissions of the Defendant as described herein.

## FOURTH CAUSE OF ACTION

(Telephone Consumer Protection Act)

25. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs.

26. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(32).

27. At all times relevant to this complaint, the Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

28. The Defendant at all times relevant to the complaint herein engages in "telecommunications" as defined by the TCPA 47 U.S.C. § 153(43).

29. The Defendant at all times relevant to the complaint herein engages in "interstate communications" by the TCPA 47 U.S.C. § 153(22).

30. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

31. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200 (f) (1).

32. Defendant violated the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b)(1)(A), by using an automatic telephone dialing system to telephone a cellular phone, without Plaintiff's consent.

33. Defendant's violations were willful and knowing.

34. As a result of these violations of the TCPA, Defendant is liable to Plaintiff for statutory damages, including treble damages.

35. Defendant engaged in willful and knowing violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b)(1)(A).

36. Defendant used an automated dialing system and pre-recorded messages to telephone Plaintiff's cellular telephone, without his consent.

37. Defendant's acts were willful, intentional and knowing.

38. Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

39. Plaintiff is entitled to recover actual and punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

  i. Statutory damages pursuant to Cal. Civil Code § 1788.30(b) and Civil Code 1788.17.

  ii. Actual damages according to proof pursuant to Cal. Civil Code § 1788 and 1788.17, as well as common law;

  iii. Punitive damages;

  iv. Attorneys' fees and costs

  v. Such other and further relief that may be just and proper.

Dated: **April 18, 2014**

_____
Andre Verdun,
Attorney for Plaintiff
MARTY FREYWALD

## DEMAND FOR JURY TRIAL

**NOW COMES** Plaintiff, MARTY FREYWALD, by and through his attorney, Andre L. Verdun and hereby demands a trial by jury in the above-captioned matter.

Dated: **April 18, 2014**

_____
Andre Verdun,
Attorney for Plaintiff
MARTY FREYWALD